UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TALAL ABDEL KHALIL AL
ELLARY,

          Petitioner,

    v.

SECRETARY KRISTI NOEM, U.S.
ATTY GENERAL PAM BONDI,
FIELD OFFICE DIRECTOR
GARRET RIPA, WARDEN DAVID
HARDEN,

          Respondents.

Case No. 2:26-cv-112-KCD-DNF

---

## <u>ORDER</u>

Petitioner Talal Abdel Khalil Al Ellary has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment and the Immigration and Nationality Act ("INA"). (*Id.* at 3.) Respondents oppose the petition. (Doc. 8.) For the reasons below, the petition is **DENIED**.

Al Ellary, a native of Palestine, illegally entered the United States at an unknown date and time. (Doc. 5 at 1.) He was ordered removed from the United States in May 2001. (Doc. 5-1 at 28.) After his appeal to the Board of

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Immigration Appeals was rejected a few months later, the matter laid dormant for over two decades. (*Id.* at 30.) Fast forward to September 2025: Al Ellary reported to an ICE facility and was taken into custody under that final order of removal. (*Id.* at 2.) After processing, he landed at the Glades County Detention Center in the Middle District of Florida.

ICE has been unable to find a country to accept Al Ellary. Israel, Romania, and Palestine have declined. (Doc. 1 ¶ 11.) Arguing that there is no likelihood he will be removed in the reasonably foreseeable future, Al Ellary challenges the legality of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and requests an order releasing him from immigration detention. (Doc. 1 at 3.)

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. *Id.* at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Al Ellary's petition is premature because he has not been detained for longer than six months. Indeed, Al Ellary concedes that he "has not yet reached the six-month presumptive period," but then jumps to the burden-shifting framework, arguing that "his continued detention serves no legitimate immigration purpose where removal is not significantly likely in the reasonably foreseeable future." (Doc. 1 ¶ 22.) But until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at \*8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at \*12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at \*4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"). And, as the Government argues, this position finds support in other Supreme Court decisions. (Doc. 5 at 5); *see*

3

*Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (after the six-month period, "if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien"); *see also Jiang v. Mukasey*, No. 2:08-cv-773-FtM-29DNF, 2009 WL 260378, at *2 (M.D. Fla. Feb. 3, 2009); *Noel v. Glades Cnty. Sheriff*, No. 2:11-cv698-FtM-29SPC, 2011 WL 6412425, at *2 (M.D. Fla. Dec. 21, 2011).

Thus, Al Ellary's due process claim under *Zadvydas* is not yet ripe, and the habeas petition is denied without prejudice. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on February 27, 2026.

Kyle C. Dudek
United States District Judge

4